UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nickolas Schlich,<br><br>                    Plaintiff,<br><br>              -v-<br><br>Samuel Allan, et al.,<br><br>                    Defendants. | 2:25-cv-05121<br><br>(NJC) (LGD) |

**ORDER**

NUSRAT J. CHOUDHURY, District Judge:

On September 11, 2025, Plaintiff, Nickolas Schlich ("Schlich"), filed a pro se complaint in this Court together with an incomplete motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1–2.) In addition, Schlich did not file the required Prisoner Litigation Authorization ("PLA") form. Accordingly, by Notice of Deficiency dated September 12, 2025, Schlich was instructed to complete and return the enclosed IFP application and PLA within fourteen (14) days in order to proceed with this case. (ECF No. 4.) The Notice was mailed to Schlich at his address of record, the Suffolk County Correctional Facility, and was returned to the Court as undeliverable on October 10, 2025 bearing the notations "Unable to Forward," "Discharged." (ECF No. 6.) Before the Court received the returned mailing, on October 8, 2025, the Court entered another order directing Schlich to "within 14 days from the date of this

1

Electronic Order, complete and return the enclosed IFP application and PLA. Alternatively, Schlich may remit the filing fee. **Schlich is warned that failure to timely comply absent a showing of good cause will lead to the dismissal of his Complaint without prejudice.** (*See* Elec. Order, Oct. 8, 2025.) The Electronic Order was also mailed to Schlich at his address of record and, not surprisingly, was also returned to the Court bearing those same notations. (ECF No. 8.) In an abundance of caution, by Electronic Order dated October 14, 2025, the Court ordered Schlich "**to update his address in writing within 14 days from the date of this Order. Failure to do so, absent a showing of good cause, will lead to the dismissal of the complaint without prejudice for failure to prosecute**" and mailed the Electronic Order to Schlich at his address of record as well as noted that it was posted on the Court Electronic Case Filing system where Schlich may view it from any computer with Internet access. (Elec. Order., Oct. 14, 2025.)

To date, Schlich has not updated his address, nor has he otherwise communicated with the Court about this case. It is the duty of all pro se plaintiffs to inform the Court of any change of address. *E.g., Rickenbacker v. Town of Babylon*, No. 21-cv-4517, 2021 WL 4122581, at *1 (E.D.N.Y. Sept. 8, 2021) (collecting cases)). "As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff." *Greene v. Sposato*, No. 16-cv-1243, 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019). "If a pro se litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." *Rickenbacker*, 2021 WL 4122581, at *1 (internal quotations and alterations omitted); *see Szabo v. City of New York*, No. 16-cv-3683, 2022 WL 11213513, at *3 (E.D.N.Y. Oct. 19, 2022) ("Courts have repeatedly held

that a plaintiff's failure to maintain an address with the Court is a sufficient ground to dismiss for failure to prosecute.") (internal quotations and alterations omitted).

The Court has afforded Schlich several opportunities to move this case forward. Notwithstanding the clear warnings that dismissal without prejudice would result, Schlich has not updated his address. Accordingly, the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to enter judgment and mark this case closed.

The Clerk of Court shall also mail a copy of this Electronic Order to Schlich at his address of record in an envelope bearing the notation "Legal Mail." Although he is unlikely to receive it there, this Order is also posted on the Court's Electronic Case Filing ("ECF") system where Schlich may view it from any computer with Internet access. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 1, 2025

                                                          */s/ Nusrat J. Choudhury*
                                                          NUSRAT J. CHOUDHURY
                                                          United States District Judge